1
2
3
4

# IN THE UNITED STATES DISTRICT COURT

5

# FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7   JUANITA E. MORALES,                          No. 1:06-cv-0813-TAG

8                    Plaintiff,                  MEMORANDUM OPINION AND ORDER
                                                 ON PLAINTIFF'S APPEAL FROM
9            vs.                                 ADMINISTRATIVE DECISION

10  MICHAEL J. ASTRUE,                           ORDER REMANDING CASE PURSUANT
    Commissioner of Social Security,[1]          TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

11
                     Defendant.                  ORDER DIRECTING THE CLERK TO
12  _____/            ENTER JUDGMENT IN FAVOR OF
                                                 PLAINTIFF AND AGAINST DEFENDANT
13

14                              **INTRODUCTION**

15          Plaintiff Juanita Morales ("Claimant") seeks judicial review of an administrative decision

16  denying her claim for Supplemental Security Income ("SSI") benefits due to her disabilities, pursuant

17  to Title XVI of the Social Security Act ("the Act"), 42 U.S.C. § 1381 et seq.  Pending before the

18  Court is Claimant's appeal from the administrative decision of the Commissioner of Social Security

19  ("Commissioner").  Claimant filed a sealed complaint on June 16, 2006, which she amended on June

20  19, 2006.  (Docs. 1, 5).  She filed her opening brief on December 18, 2006.  (Doc. 17).  The

21  Commissioner filed an opposition to the appeal on January 10, 2007.  (Doc. 20).  Claimant filed a

22  reply brief on January 15, 2007.  (Doc. 21).

23          Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties consented

24  to proceed before a United States Magistrate Judge, and, by an order dated December  20, 2006, this

25  action was assigned to the United States Magistrate Judge for all further proceedings.  (Doc. 19).

26
27
_____

28      [1] Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commissioner of the Social
Security Administration.  42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

**JURISDICTION**

On August 11, 2003, Claimant protectively filed[2] a "leads/worksheet" for SSI under Title XVI of the Act. (Administrative Record ("AR") 62). Soon thereafter, Claimant filed her application for SSI, which was denied initially and on reconsideration. (AR 64-66, 22, 23).

On February 7, 2006, after having timely requested a hearing, Claimant's attorney appeared on behalf of Claimant before Administrative Law Judge ("ALJ") Edward D. Steinman. (AR 14, 39, 226-239). On February 24, 2006, the ALJ issued a written decision finding that Claimant was not disabled and, therefore, not eligible for SSI. (AR 11-22). The Appeals Council denied Claimant's request for review on April 19, 2006. (AR 4-6). The Appeal Council's decision, therefore, became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). The initiation of an appeal in the district court must be commenced within sixty (60) days of the Appeal Council's decision. 42 U.S.C. § 405(g). On June 16, 2006, Claimant timely filed a sealed complaint. (Doc. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs filed by Claimant and the Commissioner, and, therefore, only will be summarized here. In her 2003 application, Claimant alleged that she became incapable of working in December 1997 because she had various physical and emotional ailments, including Hepatitis C, migraine headaches, paranoia, and depression associated with substance abuse, mood swings, and anti-social behavior. (AR 79, 82).

At the administrative hearing, the ALJ declared Claimant a nonessential witness at her attorney's ("Claimant's Attorney") request. (AR 228). The ALJ and Claimant's Attorney agreed to change the onset date to August 11, 2003 – the date Claimant protectively filed her SSI application. (AR 228). Claimant's Attorney then made an offer of proof in which he stated that Claimant was born on April 12, 1961, making her 44 year old at the time of the hearing and the

---

[2] To qualify as an effective SSI claim, an application for benefits must be submitted on a prescribed form. 20 C.F.R. § 416.305. However, a written statement indicating a person's intent to claim benefits can, if certain coincident and subsequent requirements are met, establish a protective filing date. 20 C.F.R. § 416.340.

1   ALJ's decision, and had a ninth-grade education. (AR 229). He summarized Claimant's medical
2   history, highlighting evaluations provided in 2004 by an examining consultant, who determined that
3   Claimant could perform work at a medium level despite her chronic headaches and Hepatitis C, and
4   a 2003 assessment from a psychological consultant, who reported that Claimant lacked the mental
5   capacity to work. (AR 229-230). Claimant's Attorney proposed that, based on a residual function
6   capacity ("RFC") assessment by Claimant's former treating physician[3] and the above-referenced
7   evaluations, Claimant should be deemed disabled because she met the criteria for Listing 12.04 and
8   lacked the RFC to perform even sedentary work. (AR 230).

9      Sidney Bolter, M.D.,[4] a medical expert, presented testimony based on Claimant's medical
10  records. (AR 230-234). Dr. Bolter testified that there were insufficient psychological records or
11  tests to enable him to determine whether Claimant suffered from a mood disorder.[5] (AR 230-232,
12  234). Dr. Bolter believed that Claimant was not undergoing treatment for Hepatitis C because she
13  was experimenting with psychotropic medication. (AR 232). He opined that Claimant suffered from
14  depression, not otherwise specified, under listing 12.04, which had a moderate effect on her activities
15  of daily living, "leaning towards marked social functioning." (Id.). Dr. Bolter noted that Claimant
16  had undergone a test to measure her attention and concentration, but she performed so well that he
17  did not consider the results sufficient to find that Claimant was severely impaired. (AR 233). Dr.
18  Bolter determined that Claimant's persistence, concentration, and pace were "mild." (AR 230-233).
19  In the context of her ability to work, Dr. Bolter testified that Claimant would be limited to simple,
20  repetitive tasks in a non-public environment with minimal contacts with colleagues and supervisors.
21  (Id.). Finally, as summarized by the ALJ, Dr. Bolter mentioned some decompensation, but his
22  complete statement was not transcribed and is not contained in the record. (Id.).
23  //

24  _____
25      [3] Claimant's Attorney is referring to a "check the box" physical capacities evaluation and a questionnaire
    prepared by Franco Falizarta, M.D., on January 5, 2005. (AR 223-224).
26      [4] Dr. Bolter is Certified by the American Board of Psychiatry and Neurology in Psychiatry. (AR 59).
27      [5] The majority of Dr. Bolter's testimony in AR 230-231 was summarized by the ALJ on AR 232 because it
28  did not record well and the transcript reported it as "[INAUDIBLE]." (See AR 230-231). Thus, some of Dr.
    Bolter's testimony set forth here is based on the ALJ's summary. (AR 232).

1    The ALJ next questioned Mark Remas, a vocational expert ("VE"). (AR 235-238). The ALJ

2    gave the medical records to VE Remas for reference as he posed four hypotheticals, all of which

3    involved a younger individual with a ninth grade education and no prior work experience. (AR 235).

4    In the first hypothetical, the VE was directed to look at Exhibits 6F and 7F for the individual's

5    functional capacity. (Id.).

6    Exhibit 6F is a non-examining physical assessment completed by DDS medical consultant

7    Lavanya Bobba, M.D., on March 25, 2004. (AR 192-199).  It appears to have been affirmed on

8    September 28, however the written affirmation is illegible as to the year it was made.  (AR 199).

9    The only limitations identified are the ability to frequently lift/carry ten-to-twenty-five pounds;

10   occasionally lift/carry twenty-to-fifty pounds; and stand, walk, and sit six hours in an eight-hour day.

11   (AR 193).  Exhibit 7F is a March 30, 2004, mental RFC assessment prepared by a DDS medical

12   consultant and reviewed by Dr. Luyen T. Luu, a psychiatrist.  (AR 200-202).  It was affirmed on

13   September 28, 2004.  (AR 200).  This assessment found Claimant limited only with respect to

14   understanding, remembering, and carrying out detailed instructions.  (AR 200).  In the narrative

15   portion, the consultant reported that Claimant could "understand, remember and carry out simple

16   short step" instructions; "sustain concentration and maintain attention for 2-hr increments, to

17   complete a normal workday . . . accept usual amount of supervision and [] relate appropriately with

18   peers and others [and] adapt to changes in the work setting and to deal effectively with the usual

19   stresses encountered in competitive work." (AR 202).

20   Based on the foregoing, and the ALJ's apparent addition that the individual had an affective

21   disorder (listing 12.04) and a mood disorder (listing 12.09), and at least five inaudible comments,

22   the VE  testified that the hypothetical person would be able to perform 60% of the 2,5000 medium,

23   unskilled jobs in the grid.  (AR 235).  The VE testified that Claimant could work as a hand packager,

24   laundry marker, and casting machine operator, and provided the assigned Dictionary of Occupational

25   Title ("DOT") number for each job, as well as the number of each job available in Bakersfield and

26   nationally.  (AR 235-236).

27   In his second hypothetical, the ALJ relied on the internal medicine consultative examination,

28   which he summarized as diagnosing Hepatitis C, non-neurological headaches, and an RFC to

4

perform normal, medium work.  Along with the physical consultation, the ALJ included the December 2003 psychological evaluation, which he stated indicated a mood disorder and substance abuse in remission.  (AR 236).  The ALJ further added that the individual's abilities to "maintain concentration, persistence and pace, schedule and maintain a regular attendance" and her ability to complete a normal day were poor.  (AR 237).  The record reflects that the second hypothetical also included at least five inaudible comments that were not transcribed.  In response to the hypothetical, the VE opined that such a person likely would have "excessive absences or poor performance" and he cited no jobs that the individual could perform.  (Id.).

The ALJ's third hypothetical relied on the January 2005 assessment submitted by Claimant's former treating physician,  Franco Falizarta. M.D.  (AR 237).  According to Dr. Falizarta, Claimant lacked the ability to perform any full-time work, including at the sedentary level.  (AR 223-224). VE Remas agreed with the ALJ's assumption that Dr. Falizarta's limitations would preclude Claimant from working.  (AR 237).

Finally, the ALJ posed a hypothetical based on Dr. Bolter's evaluation.  The ALJ stated that the individual could perform "simple, repetitive tasks, non-public, minimal contact with peers and supervisors," to which he would add "the DDS conclusion."  (AR 239).  The ALJ did not specify which DDS conclusion the VE should consider, or whether he, again, should review both the physical and mental DDS assessments.  (Id.).  The VE responded that the answer would be identical to the answer he provided in response to the first hypothetical; i.e., that the individual would be able to perform work that existed in significant numbers locally and in the national economy.  (Id., see AR 235-236).

In closing, Claimant's Attorney asked the ALJ to rely more on the evaluations provided by the examining consultants than on Dr. Bolter's assessment because Dr. Bolter had never met or examined Claimant.  (AR 238).

## RELEVANT LEGAL FRAMEWORK

To qualify as disabled under Title XVI of the Act, an applicant for SSI benefits must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can

1    be expected to last for a continuous period of not less than twelve months." 42 U.S.C.

2    § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability

3    only if his impairments are of such severity that he "is not only unable to do his previous work but

4    cannot, considering his age, education, and work experience, engage in any other substantial gainful

5    work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

6    **STANDARD OF REVIEW**

7         Congress has provided a limited scope of judicial review of a Commissioner's decision. See

8    42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when

9    the determination is not based on legal error and is supported by substantial evidence. See Ukolov

10   v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005)(citations omitted); Jones v. Heckler, 760 F.2d 993,

11   995 (9th Cir. 1985); Sanchez v. Secretary of Health & Human Services, 812 F.2d 509, 510 (9th Cir.

12   1987). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the

13   findings of fact are supported by substantial evidence." Delgado v. Heckler, 722 F.2d 570, 572 (9th

14   Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, Sorenson

15   v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. McAllister

16   v. Sullivan, 888 F.2d 599, 601-602 (9th Cir. 1989); Desrosiers v. Secretary of Health and Human

17   Services, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a

18   reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S.

19   389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may

20   reasonably draw from the evidence" will also be upheld. Mark v. Celebrezze, 348 F.2d 289, 293 (9th

21   Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting

22   the decision of the Commissioner. Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989) (quoting

23   Kornock v. Harris, 648 F.2d 525, 526 (9th Cir. 1980)).

24         It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. Richardson,

25   402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold

26   the decision of the ALJ. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Moreover, if there is

27   substantial evidence to support the administrative findings, or if there is conflicting evidence that

28   will support a finding of either disability or nondisability, the finding of the Commissioner is

conclusive. <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  <u>Brawner v. Secretary of Health and Human Services</u>, 839 F.2d 432, 433 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled under Title XVI of the Act.  20 C.F.R. § 416.920.  Step one determines whether the claimant is engaged in substantial gainful activities.  If he is, benefits are denied. 20 C.F.R.  § 416.920(a)(4)(in), (b).  If he is not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments that meet the duration requirements set forth in 20 C.F.R. § 416.909; i.e. the impairment(s) are expected to result in death, or continuously lasted or be expected to last at least twelve months. 20 C.F.R. § 416.920(a)(4)(ii), (c).  If the claimant does not have a severe impairment, a combination of impairments, or meet the duration requirement, the disability claim is denied.  <u>Id.</u>

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 416.920(a)(4)(iii), (d); 20 C.F.R. Pt. 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments and satisfies the duration requirement, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 416.909, 416.920(a)(4)(iii), (d).  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from doing work performed in the past. If the claimant is able to perform his previous work, he is not disabled.  20 C.F.R. §§ 416.920(a)(4)(iv), (e); 416.960(b).  If the claimant cannot perform this work, the fifth and final step in the process determines whether he is able to perform other work in the national economy in view of his age, education and work experience. 20 C.F.R. §§ 416.920(a)(4)(v), (f) and (g); 416.960(b) and (c).  <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137 (1987).

///

1    The initial burden of proof rests upon a claimant to establish that he "is entitled to the

2    benefits claimed under the Act." Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971) (citations

3    omitted).  In terms of the five step sequential evaluation process, the Ninth Circuit has held that

4    "[t]he burden of proof is on the claimant as to steps one to four," while at the same time noting that

5    an ALJ's "*affirmative duty* to assist a claimant to develop the record . . . complicates the allocation

6    of burdens" such that "the ALJ shares the burden at each step." Tackett v. Apfel, 180 F.3d 1094,

7    1098 & n.3 (9th Cir. 1999) (italics in original).  The initial burden is met once a claimant establishes

8    that a physical or mental impairment prevents him from engaging in his previous occupation.  The

9    burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial

10   gainful activity and (2) that a "significant number of jobs exist in the national economy" which

11   claimant can perform.  Kail v. Heckler, 722 F.2d 1496, 1498 (9th Cir. 1984).

12                                      **ALJ'S FINDINGS**

13   The ALJ found at step one that Claimant has not engaged in substantial gainful activity since

14   the alleged onset date of August 11, 2003.  (AR 15, 20).  At step two, the ALJ determined that

15   Claimant has "a depressive disorder, polysubstance abuse in reported remission, migraine headaches,

16   and hepatitis C," which he considered severe impairments.  (AR 16, 20).  At step three, the ALJ

17   concluded that Claimant's impairments, singly or combined, did not meet or equal the listings set

18   forth in 20 C.F.R. Part 404 Subpt. P App. 1.  (AR 16, 20).  The ALJ detailed the medical evidence

19   and the expert's testimony, and determined that Claimant's RFC and mental limitations enabled her

20   to perform specific types of work.  (AR 16-18, 20).  In so doing, the ALJ gave more credit to

21   Dr. Bolter's evaluation of Claimant's mental impairments than those reported by the DDS

22   consultants.  (AR 16-19).  Further, although Claimant did not testify at the hearing, the ALJ

23   concluded that her reported symptoms and restrictions were not entirely credible given the absence

24   of any ongoing medical or psychiatric treatment, Dr. Bolter's testimony, the DDS consultants'

25   assessments, and the recent evaluations provided by the examining consultants.  (AR 18-20).

26   At step four, the ALJ found that Claimant had no past relevant work.  (AR 19-20).  At step

27   five, the ALJ found that Claimant was a younger individual with nine years of education who the

28   vocational expert concluded, based on the physical and mental limitations presented in the ALJ's

hypothetical question, could perform unskilled, medium level jobs that existed in significant numbers regionally and nationally.  (AR 19-20).  Accordingly, the Claimant was not disabled under the Act and, therefore, not eligible for SSI.  (AR 21).

### ISSUE

In her brief, Claimant asserts that the ALJ posed an incomplete hypothetical question to the VE and, thus, failed to carry his burden at Step Five; i.e., the ALJ did not demonstrate that Claimant could perform work existing in the national economy despite her limitations.  (Doc. 17, pp. 3-4).

### DISCUSSION

#### Incomplete Hypothetical Question

Claimant contends that the ALJ relied on the VE's answer to hypothetical question four, which presented an individual of Claimant's age and education, with no history of significant work, and who was capable of performing "simple, repetitive tasks, non-public, minimal contact with peers and supervisors, and then we would have to add with that the DDS conclusion."  Doc. 17, p. 5. Claimant presumes that the DDS report referred to is the physical assessment concluding that Claimant could perform medium level work.  Id.  According to Claimant, the ALJ's hypothetical is erroneous as a matter of law because it does not include all of the limitations that the ALJ found Claimant had and, thus, is incomplete.  Id. at 6.

Specifically, Claimant argues that the ALJ's fourth hypothetical excludes the ALJ's finding that Claimant "suffers from a moderate restriction of activities of daily living; marked difficulties maintaining social functioning; mild difficulties in maintaining concentration, persistence, or pace; and one or two episodes of decompensation."  Id.  Claimant contends that because the hypothetical fails to present all of Claimant's restrictions to the VE, the VE's response, upon which the ALJ relies, is not based on all of the facts and, thus, lacks sufficient evidentiary value to meet the Commissioner's burden at Step Five to conclude that Claimant was not disabled.  (Id. at 5-6).

The Commissioner responds that the excluded limitations do not need to be included in the hypothetical because they are relevant only when the ALJ determines a claimant's mental residual functional capacity as part of his decision.  (Doc. 20, pp. 6-7).  In addition, the Commissioner contends that, because the VE sat through Dr. Bolter's testimony, which included the additional

9

1   restrictions, and the ALJ instructed the VE to consider that testimony, the ALJ's hypothetical

2   question was sufficient. (Id. at 7). Claimant's reply contends that Dr. Bolter's testimony as to the

3   type of work that Claimant could perform was improper under Social Security Ruling ("SSR") 96-

4   5p, which precluded the ALJ from relying on a doctor's vocational or legal conclusion. (Doc. 21 at

5   4). Accordingly, Claimant asserts that the VE's reliance on Dr. Bolter's opinion does not overcome

6   the ALJ's failure to present a full and complete hypothetical question. (Id.).

7         After a claimant has established a prima facie case of disability by demonstrating he cannot

8   return to his former employment, the burden shifts to the Commissioner to identify specific jobs

9   existing in substantial numbers in the national economy that claimant can perform despite his

10   identified limitations. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). The ALJ can

11   satisfy this burden by either applying the Medical-Vocational Guidelines ("grids") or by taking the

12   testimony of a vocational expert. Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988). If, as

13   he did in this case, the ALJ elicits the testimony of a vocational expert, the hypotheticals posed must

14   present, accurately and in detail, all of the claimant's limitations and restrictions that are supported

15   by the record evidence. Osenbrock v. Apfel, 240 F.3d 1157, 1164 (9th Cir. 2001); Tackett v. Apfel,

16   180 F.3d at 1101; Embrey v. Bowen, 849 F.2d 418, 422-423 (9th Cir. 1988). If the hypothetical is

17   not clear and does not set forth all of the claimant's limitations, the vocational expert's response

18   lacks evidentiary value as to the claimant's ability to work. Seher v. Commissioner of Social

19   Security, ___ F.3d ___, 2007 WL 1851675 *2 (9th Cir. June 27, 2007); Embrey, 849 F.2d at 422-

20   223.

21         In the instant case, the ALJ relied on the VE's response to his fourth hypothetical, which did

22   not include certain of Claimant's limitations that, arguably, could interfere with Claimant's ability

23   to work, such as marked problems with social functioning and periods of decompensation. (AR 238-

24   239). These limitations are supported both by the testimony of Dr. Bolter and the examining

25   consultant's psychological evaluation. (AR 171-174, 232). Because the ALJ failed to include all

26   of Claimant's limitations in the hypothetical, the hypothetical was not accurate, detailed, or

27   supported by the record. Consequently, the VE's opinion has no evidentiary value and thus is not

28   a proper basis for the ALJ's decision as to Claimant's ability to work. Seher, 2007 WL 1851675 *2;

1    <u>Tackett</u>, 180 F.3d at 1101; <u>Embrey</u>, 849 F.2d at 422-423.

2        Moreover, the ALJ's fourth hypothetical does not present a clear question, as is obvious upon

3    reading it as well as in light of the different interpretation as to which DDS conclusions the VE was

4    instructed to consider.  (<u>See</u> Doc. 17, p. 5 (the ALJ's reference to the DDS conclusion is to the

5    physical assessment only), Doc. 20, pp. 5-6 (the fourth hypothetical directed the VE to consider both

6    of the DDS's conclusions); AR 238).  This lack of clarity calls into doubt what information the VE

7    used to presumably conclude that Claimant could perform the same jobs as he set forth in response

8    to hypothetical number one. <u>See e.g.</u>, <u>Embrey</u>, 849 F.2dd at 422-223 (hypothetical must be accurate

9    and detailed).

10       For the reasons discussed above, this Court finds that hypothetical number four, upon which

11   the ALJ relied in finding that Claimant was not disabled, failed to include all of Claimant's

12   limitations, and lacked the sufficient clarity and accuracy, to meet the Commissioner's Step Five

13   burden to show that Claimant could perform substantial gainful employment.  Accordingly, the

14   Court finds that the Commissioner has not met his Step Five burden, and will remand  this matter

15   for further administrative proceedings to determine whether Claimant can perform substantial gainful

16   employment in light of all of her limitations and restrictions.

17       Accordingly, it IS ORDERED that:

18       1.    Claimant's Social Security Complaint is GRANTED; and

19       2.    The matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for a

20   determination as to whether Claimant can perform substantial gainful employment, through the

21   proper questioning of a vocational expert or the utilization of the Medical-Vocational Guidelines;

22   and

23       3.    Judgment be ENTERED for Claimant, Juanita E. Morales, and against Defendant,

24   Michael J. Astrue.

25

26   IT IS SO ORDERED.

27   Dated:   **August 30, 2007**            _____
                                              **/s/ Theresa A. Goldner**
28                                           UNITED STATES MAGISTRATE JUDGE

11